1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  J. DOUGLAS WILSON (DCBN 412811)
   Chief, Criminal Division
4  CASEY O'NEILL (NYBN 4715363)
   Special Assistant United States Attorney
5
      150 Almaden Boulevard, Suite 900
6     San Jose, CA 95113
      Telephone: (408) 535-5080
7     Fax:  (408) 535-5066
      E-Mail: Casey.O'Neill@usdoj.gov
8
   Attorneys for the United States of America
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 13-00688 LHK |
|---|---|
| v. | ) STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS |
| JOSE AGUILAR, | ) |
| Defendant. | ) |

Upon government motion, after argument, and by stipulation of the parties as to form, the Court enters the following Order pursuant to Federal Rule of Criminal Procedure 16(d)(1):

Defendant is charged with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(viii), Possession with Intent to Distribute, and Distribution of, Methamphetamine.  Per defendant's request, the United States will produce certain materials, including documents and audio and video recordings, pertaining to the defendant and the charged drug transactions (hereinafter, the "DISCOVERY MATERIALS") to defense counsel, in lieu of making those DISCOVERY MATERIALS available for review only.  All such materials, with the exception of the defendant's criminal history report and accompanying criminal records, lab testing results for drugs recovered,

certain phone records, and documents pertaining to a search of 1090 Lakebird Drive, Sunnyvale, CA, shall be designated "PROTECTED MATERIALS" by the government and are deemed produced pursuant to the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of defendants, the DISCOVERY MATERIALS shall be maintained by defense counsel in a secure location. Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the DISCOVERY MATERIALS except as set forth below.

2. The following individuals may examine the DISCOVERY MATERIALS for the sole purpose of preparing the defense of defendant and for no other purpose:

   a) counsel for defendant;
   b) members of defense counsel's law office;
   c) defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph (defendant may not take or maintain the DISCOVERY MATERIALS or copies thereof); and
   d) investigators, experts, or other third-party consultants retained by defendant to assist in the defense of this matter (not including prospective witnesses or interviewees).

If defense counsel determines that additional persons are needed to review the DISCOVERY MATERIALS, he or she must obtain either the United States' consent or a further order of the Court before allowing any other individual to review the materials, provided, however, that nothing in this Order shall: (i) prevent the defendant or the defense from disclosing information known to it independently of the DISCOVERY MATERIALS, including disclosure of the identity of the confidential informant if necessary to prepare the defense case; (ii) prevent the defense from interviewing prospective witnesses regarding the information contained in the DISCOVERY MATERIALS without prior consent from the United States or a prior Court order, so long as (1) the identity of the confidential informant is not disclosed except as provided for in ¶ 2(d)(i), and (2) any DISCOVERY MATERIALS are redacted before being shown to any third-party (but in no event shall

any third-party other than those identified in ¶ 2(a)-(b), (d) be permitted to retain a copy of the DISCOVERY MATERIALS); or (iii) prevent the defense from attempting to contact or interview the confidential informant.

3. A copy of this Order shall be maintained with the DISCOVERY MATERIALS at all times.

4. All individuals other than defense counsel and defendant who receive access to the DISCOVERY MATERIALS, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;
    b) they understand its contents;
    c) they agree that they will only access the DISCOVERY MATERIALS for the purposes of preparing a defense for defendant; and
    d) they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for defendant shall either: (1) send signed copies of the Order to counsel for the United States; or (2) file signed copies of the Order, ex parte and under seal. The United States shall have no access to the signed copies filed under seal without further order of the Court.

5. No other person shall be allowed to examine the DISCOVERY MATERIALS without the United States' consent or further order of the Court. Examination of the DISCOVERY MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

6. The DISCOVERY MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

7. If the DISCOVERY MATERIALS are attached to any pleadings or other court submissions, the DISCOVERY MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.

8. The defense team shall return the DISCOVERY MATERIALS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; or the conclusion of any direct appeal on the defendant's behalf.

9. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the DISCOVERY MATERIALS. The United States will maintain the DISCOVERY MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the DISCOVERY MATERIALS. In the event the defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide defense counsel with a copy of the DISCOVERY MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defense counsel in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

10. This Order is without prejudice to the defendant's right to seek a modification of the same. Additionally, if defense counsel deems any of the DISCOVERY MATERIALS to have been designated "PROTECTED MATERIALS" improperly, defense counsel, after meeting and conferring with the government on the issue, may bring the issue to the Court's attention and seek re-designation.

MELINDA HAAG
United States Attorney

Dated: October 23, 2013 _____/s/_____
CASEY O'NEILL
Special Assistant United States Attorney

Dated: October 23, 2013 _____/s/_____
VARELL FULLER
Counsel for defendant Jose Aguilar

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: October 24, 2013

_____
HONORABLE LUCY H. KOH
United States District Judge