MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

CASEY O'NEILL (NYBN 4715363)
Special Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
    Telephone: (408) 535-5080
    Fax: (408) 535-5066
    E-Mail: Casey.O'Neill@usdoj.gov

Attorneys for the United States of America

FILED
NOV 1 2 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 13-00688 LHK |
|---|---|
| v. | ) STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING DEFENSE RE-TESTING OF DRUG EXHIBIT |
| JOSE AGUILAR, | ) |
| Defendant. | ) |

By stipulation of the parties, and pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the Court ORDERS as follows:

The government shall allow the defense to: (1) re-weigh the below-listed drug exhibits:

| FBI Exhibit Number | DEA Laboratory Number |
|---|---|
| 1B23 | 7177557 |
| 1B24 | 7178928 |

as reported in the Drug Enforcement Administration (DEA) Laboratory Reports, FBI Case Number 281D-SF-148719, dated July 18, 2013 and October 7, 2013 (Bates Nos. 000066-67); and (2) collect and analyze a representative sample and re-analyze representative samples from the DEA composites of the

PROTECTIVE ORDER RE DRUG EXHIBITS
CR 13-00688 LHK                             1

exhibits to determine their nature and strength or purity, and if methamphetamine, calculated as the hydrochloride salt form.

IT IS FURTHER ORDERED that within fourteen calendar days of the entry of this Order or as soon as practicable thereafter an FBI Special Agent or Task Force Officer shall hand deliver the exhibits to Bill Posey, DEA Registration No. RC0112095 at Central Valley Toxicology, Inc., 1580 Tollhouse Road, Clovis, CA 93611 (the "defense expert," whom defense counsel represents has a current DEA registration[1]);

IT IS FURTHER ORDERED that upon delivery of the materials to the defense expert, an FBI Special Agent or Task Force Officer will remain present in the immediate area while the defense expert weighs and removes representative samples from the exhibits. Samples extracted from each exhibit shall total not more than 500 mg and one sample taken and tested from each exhibit shall be taken from the DEA composites of the exhibits previously tested (as will be so designated). Upon completion of the weighing of the materials and removal of the samples, the defense expert shall return the exhibits to the FBI Special Agent or Task Force Officer in attendance;

IT IS FURTHER ORDERED that within fourteen calendar days of removing the representative samples, the defense expert shall complete its analysis of the samples and shall return any portion of those samples not consumed by testing to the DEA Western Regional Laboratory, 390 Main Street, Room 700, San Francisco, CA 94105, via registered United States Mail, return receipt requested;

IT IS FURTHER ORDERED that the defense expert, within fourteen calendar days of completing its analysis of the representative samples, shall provide the government a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746, executed by the individual who conducted the analysis or the head of the facility where the analysis occurred, which states: (1) the quantity of the entire exhibits weighed; and (2) either the weight of the remaining portions of the samples removed from the exhibits, or a statement that all of the samples were consumed during testing;

IT IS FURTHER ORDERED, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(B), that within thirty calendar days of completing its analysis of the representative samples, defense counsel will

---

[1] The government reserves the right to challenge the admissibility of any evidence the defense may seek to introduce at trial through, or pertaining to, this putative expert.

PROTECTIVE ORDER RE DRUG EXHIBITS
CR 13-00688 LHK                                   2

provide the government a copy of the results or report resulting from that analysis if the defendant intends to use in his or her case-in-chief at trial or at sentencing the results, report, or any other evidence pertaining to the analysis; and

IT IS FURTHER ORDERED that the defense expert is to safeguard the exhibits and any samples removed, preserving the chain of custody in a manner faithfully to protect the integrity of the exhibits and samples. Any failure to follow the aforementioned procedures will render any form of evidence pertaining to the defense analysis of the exhibits and samples scientifically unreliable and inadmissible. Further, any failure, willful or not, by the defense to maintain the proper chain-of-custody will not render inadmissible the exhibits and samples themselves or government evidence pertaining to those materials.

MELINDA HAAG
United States Attorney

Dated: November 8, 2013

_____/s/_____
CASEY O'NEILL
Special Assistant United States Attorney


Dated: November 8, 2013

_____/s/_____
VARELL FULLER
Counsel for defendant Jose Aguilar

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: November 12, 2013

HON. ~~LUCY H. KOH~~
United States ~~District~~ Magistrate Judge
HOWARD R. LLOYD

PROTECTIVE ORDER RE DRUG EXHIBITS
CR 13-00688 LHK                         3